UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RONALD BUZZARD, JR., <br><br> Plaintiff, <br><br> v. <br><br> STATE OF WASHINGTON, et al., <br><br> Defendant. | Case No. C20-01559-RAJ-SKV <br><br> REPORT AND RECOMMENDATION |

Plaintiff is a state prisoner who is proceeding *pro se* and *in forma pauperis* in this 42 U.S.C. § 1983 civil rights action. By order dated February 19, 2021, the Court declined to serve Plaintiff's original complaint due to various deficiencies but afforded Plaintiff the opportunity to file an amended complaint. Dkt. 23. Plaintiff has now filed an amended complaint. Dkt. 30. Having reviewed and screened Plaintiff's amended complaint, the Court recommends that: (1) Plaintiff's claims alleged in Count III be dismissed without prejudice as barred under *Heck v. Humphrey*, 512 U.S. 477 (1994); (2) the remainder of Plaintiff's amended complaint (Counts I, II and IV) be served against the remaining Defendants; and (3) the matter be referred back to the undersigned for further proceedings.

//

REPORT AND RECOMMENDATION - 1

## DISCUSSION

Once a complaint is filed *in forma pauperis*, the Court must dismiss it prior to service if it "fails to state a claim on which relief can be granted." 28 U.S.C. § 1915(e)(2)(b)(ii); *see Talley v. Jackson*, 2015 WL 3796339, at *1 (W.D. Wash. June 18, 2015) (citations omitted). Rule 8(a) of the Federal Rules of Civil Procedure provides that in order for a pleading to state a claim for relief it must contain a short and plain statement of the grounds for the court's jurisdiction, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for the relief sought. The statement of the claim must be sufficient to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). To avoid dismissal, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). The factual allegations must be "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint may be dismissed if it lacks a cognizable legal theory or states insufficient facts to support a cognizable legal theory. *Zixiang v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013).

To sustain a § 1983 civil rights claim, Plaintiff must show (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state or federal law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). To satisfy the second prong, plaintiff must allege facts showing how individually named defendants caused or personally participated in causing the harm alleged in the complaint. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

//

A.   *Count III - Heck Barred*

Where a prisoner challenges the fact or duration of his confinement, his sole federal remedy is a writ of habeas corpus, to which the exhaustion requirement applies. *Preiser v. Rodriguez*, 411 U.S. 475, 489-90 (1973). In *Heck v. Humphrey*, 512 U.S. 477 (1994), the United States Supreme Court held that a § 1983 claim that calls into question the lawfulness of a plaintiff's conviction or confinement does not accrue "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." *Heck*, 512 U.S. at 489.

In Count III of his amended complaint Plaintiff alleges claims against the following Defendants: community corrections officer (CCO) Philip Ahn; Assistant Attorney General Douglas Carr; and Indeterminate Sentencing Review Board (ISRB) members Jeff Patnode, K. Rongen, E. Balmert, T. Davis, and Lori Ramsdell. Dkt. 30. Plaintiff alleges that between July 28, 2020, and August 26, 2020, his community corrections officer (CCO) Philip Ahn, searched his cell phone incident to arrest without a warrant violating his 4th Amendment rights. *Id.* He alleges CCO Ahn sent another CCO to force Plaintiff to give him the unlock code for his phone under threat of another violation. *Id.* Plaintiff alleges Assistant Attorney General Douglas Carr represented the state at his revocation hearing on August 26, 2020, and knew the "3rd and 4th violations" were "fruit of the poisonous tree" and were "inadmissible due to the illegal search of [Plaintiff's] phone." *Id.* Plaintiff indicates that the "3rd violation" which appears to relate to what was found in the search of Plaintiff's cell phone, was the basis for the decision to revoke his parole. *Id.* Plaintiff alleges violations of his 4th, 5th, and 14th Amendment rights due to the alleged unconstitutional search and resulting revocation of his parole. *Id.*

It appears clear that Plaintiff's claims in Count III are barred under *Heck*. *See Heck*, 512 U.S. at 486–87. Plaintiff alleges he was wrongfully convicted of community custody violations

REPORT AND RECOMMENDATION - 3

based upon information obtained through an unconstitutional search. Plaintiff alleges his conviction on these violations resulted in revocation of his community custody, indicating that he was reincarcerated as a result. As such it appears clear that success on Plaintiff's claims in Count III would necessarily implicate the validity of his continuing confinement. Accordingly, Plaintiff's claims do not accrue unless and until the conviction or sentence is reversed expunged, invalidated, or impugned by the grant of writ of habeas corpus. *See Heilbrun v. City of Portland*, 698 F. App'x 553 (9th Cir. 2017) ("To the extent [Plaintiff] alleges that he was wrongfully convicted of parole violations, the district court properly dismissed these claims as *Heck*-barred because success on these claims would necessarily imply the invalidity of Plaintiff's conviction and sentence."); *see Heck*, 512 U.S. at 486–87 (explaining that if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence ... the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated"). Plaintiff does not allege or present any facts or evidence to indicate that the conviction or sentence has been invalidated. Plaintiff was advised that his claims alleged in his original complaint appeared to be barred under *Heck* and was given the opportunity to file an amended complaint. Dkt. 23. However, it appears clear that the claims in Count III of Plaintiff's amended complaint remain barred by *Heck*. *Heck*, 512 U.S. 477. Accordingly, Plaintiff fails to state a cognizable claim under § 1983 and his Count III claims should be dismissed without prejudice. Because Count III contains Plaintiff's only claims against Defendant Carr, Defendant Carr should be dismissed entirely from the action without prejudice and terminated as a Defendant.

The Ninth Circuit has "established that a pro se litigant bringing a civil rights suit must have an opportunity to amend the complaint to overcome deficiencies unless it is clear that they cannot be overcome by amendment." *Eldridge v. Block*, 832 F.2d 1132, 1135-36 (9th Cir. 1987).

1  Plaintiff has been allowed to amend his complaint and the Court instructed Plaintiff regarding the
2  deficiencies of his complaint. *See* Dkt. 9. Therefore, the Court recommends Plaintiff not be given
3  additional leave to amend with respect to Count III of his amended complaint. *See Swearington*
4  *v. California Dep't of Corr. & Rehab.*, 624 F. App'x 956, 959 (9th Cir. 2015) (finding the district
5  court did not abuse its discretion in dismissing without leave to amend because the plaintiff did
6  not cure the complaint's deficiencies despite the district court's specific instructions about how
7  to do so); *see also Fid. Fin. Corp. v. Fed. Home Loan Bank of San Francisco,* 792 F.2d 1432,
8  1438 (9th Cir.1986) ("The district court's discretion to deny leave to amend is particularly broad
9  where the court has already given the plaintiff an opportunity to amend his complaint.").

10  B.    *Counts I, II, and IV*

11      The Court finds that Plaintiff's claims raised in Counts I, II, and IV state sufficient facts
12  to warrant a response from Defendants. Accordingly, the Court recommends that the action
13  proceed with respect to these Counts and the amended complaint be served on the remaining
14  Defendants: Philip Ahn (community corrections officer (CCO), Jeff Patnode (ISRB Board
15  Member), K. Rongen, (ISRB Board Member), E. Balmert (ISRB Board Member), T. Davis
16  (ISRB Board Member), Lori Ramsdell (ISRB Board Member), Tom Sahlberg (ISRB Board
17  Member), Betsy Hollingsworth (ISRB Board Member), Dennis Thaut (ISRB Board Member),
18  Lynne De Lano (ISRB Board Member), John Thompson (WCC-Shelton – Law Librarian), Sgt.
19  Meek (Sgt. – 3A Unit- WSR- Monroe), Lori Wonders (Legal Liason – CRCC), Ms. Andrewjeski
20  (Associate Superintendent – CRCC), Mr. Howerton (Correctional Officer – CRCC), and Ms.
21  Kapoian (Counselor – Unit 3A- WSR).
22  //
23  //

REPORT AND RECOMMENDATION - 5

C.   *Remaining Claims Re-Referred to Magistrate Judge*

The matter should be re-referred to the undersigned for further proceedings on the remaining Counts (I, II, and IV).

## CONCLUSION

The Court recommends Plaintiff's Count III claims be dismissed without prejudice as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). Because Count III contains Plaintiff's only claims against Defendant Carr, Defendant Carr should be dismissed from the action without prejudice and terminated as a Defendant. The Court recommends that the action proceed with respect to the remaining Counts (I, II, and IV) and the amended complaint be served on the remaining Defendants: Philip Ahn (community corrections officer (CCO), Jeff Patnode (ISRB Board Member), K. Rongen, (ISRB Board Member), E. Balmert (ISRB Board Member), T. Davis (ISRB Board Member), Lori Ramsdell (ISRB Board Member), Tom Sahlberg (ISRB Board Member), Betsy Hollingsworth (ISRB Board Member), Dennis Thaut (ISRB Board Member), Lynne De Lano (ISRB Board Member), John Thompson (WCC-Shelton – Law Librarian), Sgt. Meek (Sgt. – 3A Unit- WSR- Monroe), Lori Wonders (Legal Liason – CRCC), Ms. Andrewjeski (Associate Superintendent – CRCC), Mr. Howerton (Correctional Officer – CRCC), Ms. Kapoian (Counselor – Unit 3A- WSR). The matter should be re-referred to the undersigned for further proceedings on the remaining Counts (I, II, and IV). A proposed order accompanies this Report and Recommendation.

## OBJECTIONS

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect

REPORT AND RECOMMENDATION - 6

your right to appeal.  Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14)** days after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **July 30, 2021**.

Dated this 2nd day of July, 2021.

_____
S. KATE VAUGHAN
United States Magistrate Judge

REPORT AND RECOMMENDATION - 7